# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**             Tel: 718-740-1000
Email: abdul@abdulhassan.com         Fax: 718-740-2000
*Employment and Labor Lawyer*         Web: www.abdulhassan.com

**November 19, 2015**

**Via ECF**

Hon. Dora L. Irizarry, USDJ
Hon. Steven M. Gold, Chief USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY  11201

           <u>**Re: Tyrone Roberson v. Everybody's Place - L.I.C., Inc. et al.**</u>
                 Case No.  15-cv-04244 (DLI)(SMG)
                 Motion for Settlement Approval

Dear Judge Irizarry/Chief Magistrate-Judge Gold:

       My firm represents plaintiff in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per Chief Magistrate-Judge Gold's October 29, 2015 order. A copy of the offer of judgment is attached hereto as Exhibit 1, Exhibit 2 is a table detailing the time and work expended by plaintiff's counsel thus far and likely to be expended in completing the case, and Exhibits 3 and 4 are fee surveys. Defendants and plaintiff both join in urging this Court to approve the settlement as fair and reasonable to plaintiff – plaintiff writes in support of the motion.

       At the outset, plaintiff must respectfully raise and preserve certain objections. Specifically, it is our position that the parties do not require court approval under *Cheeks* in order to discontinue this action by entry of judgment under Rule 68. See *Barnhill v. Fred Stark Estate*, 2015 WL 5680145, at 2 (E.D.N.Y. Sept. 24, 2015). Without waiving his objections, Plaintiff believes the settlement of this action is fair and reasonable and should be approved.

       In evaluating FLSA settlements for fairness and reasonableness, many courts utilize the framework set forth in *Wolinsky v. Scholastic Inc.* 900 F.Supp.2d 332, 335 -336 (S.D.N.Y., 2012). We will therefore establish that the settlement is fair  and reasonable under the *Wolinsky* factors without necessarily agreeing with them, and in the  context of this case. In this regard, the court in *Wolinsky*, 900 F.Supp.2d at 335, stated in relevant part as follows:

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

These factors are satisfied and the settlement is fair and reasonable as more fully set forth below.

### 1. Plaintiff's Range of Possible Recovery

The complaint alleges plaintiff worked 50-55 hours per week. Based upon additional input provided by plaintiff, he worked about 30-35 hours a week for the first three months of his employment, 48-50 hours a week thereafter, and 55hours a week occasionally. Plaintiff worked overtime hours is about 82 weeks after excluding the initial 13 weeks of employment and absences in other weeks thereafter. Plaintiff earned an average hourly rate of $9.00 per hour. Defendants dispute the hours worked by plaintiff and they claim that he worked fewer hours. Additionally, we did not have the benefit of complete wage and time records in this case.

Notwithstanding the dispute as to hours worked, assuming a jury believes plaintiff's version of events – something that almost never happens, plaintiff would be entitled to unpaid overtime wages of 82 wks x 10hrs/wk x $4.5/hr = $3,690. After the Supreme Court decisions in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946), the FLSA was amended to allow defendants to avoid the imposition of liquidated damages if they can prove a good faith affirmative defense. See 29 USC § 260; *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). If a jury sides with plaintiff in full on the good faith defense, plaintiff will be entitled to another $3,690 on his claims. Of course, if a jury does not side with plaintiff at all or "splits the baby" plaintiff will be awarded nothing or much less than he is receiving under the offer of judgment in this action. In this case, plaintiff is receiving $7,400 – full value for all alleged wage claims plus 100% liquidated damages.

### 2. Avoidance of Burdens and Expenses

A very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses. Further litigation will result in legal fees on both sides which will certainly be greater than the amount of damages at stake. Notably, in light of Plaintiff's financial situation he cannot afford the delays, costs, and uncertainties of further litigation.

### 3. Seriousness of Litigation Risks

Defendants are disputing liability in this action including the hours and wages claimed. In light of these risks, and because plaintiff is being paid for all his unpaid overtime wages plus 100% liquidated damages, plaintiff in essence has nothing to gain on his FLSA claims from further litigation and a lot to lose.

### 4. Arms' Length Negotiations, Absence of Collusion

All sides were represented by experienced counsel who engaged in arms' length and vigorous negotiations that required a significant expenditure of time and effort which eventually resulted in an offer of judgment which could be accepted by the plaintiff. The fact that plaintiff is receiving all the unpaid wages he is owed plus 100% liquidated damages is powerful confirmation that there was no collusion or fraud.

### 5. Attorney's Fees

In a typical fee-shifting case, attorney's fees are the result of fees awarded under the fee-shifting statute, and the retainer agreement between the plaintiff and his attorney, as reflected in the breakdown of the recovery in this action. One of the main purposes of fee-shifting provisions is to allow employees to recover small amounts of wages where the fees to do so may greatly exceed the amount of wages owed. Hourly fees are based on the time expended by the attorney regardless of the size of the damages at stake, and fees will usually greatly exceed damages in small value cases. See *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery."). *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) ("the district court employed a two-step technique whereby it first calculated a "lodestar" amount of $99,778.75," where the maximum overtime wages owed were $900 and maximum liquidated damages were $900). Here, the fees plaintiff's counsel is due to receive under the judgment in this action do not adversely affect the amount of plaintiff's recovery on his overtime claims - Plaintiff is receiving all his overtime wages plus maximum liquidated damages.

Once again, even in a fee-shifting situation (which this is not), the fees due to plaintiff's counsel is ultimately determined by the retainer agreement between plaintiff and his counsel. In this regard, the U.S. Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990), confirmed that a client is bound by a retainer in fee-shifting cases when it stated in relevant part as follows[1]:

> But neither Blanchard nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory

---

[1] See *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The standards set forth in this opinion [construing § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "). *Smith v. Nagai*, 2012 WL 2421740, 5 (S.D.N.Y., 2012) ("In determining the [FLSA fee] award, courts utilize the analytical framework for civil rights cases under 42 U.S.C. § 1988."). *Ayres v. 127 Restaurant Corp.*, 1999 WL 328348, at *1 (S.D.N.Y., 1999); ("the law on attorney's fees is no different in FLSA cases than it is in employment discrimination cases"), aff'd, 201 F.3d 430 (2d Cir.1999).

award that they may collect from losing opponents. Indeed, depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

In *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a fee award (which is not being done here – all parties are in agreement), "[t]he award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

Here, the parties are not asking the court to set the fee as would be the case if a fee application was made - the fee is set forth in the settlement agreement by the parties which is signed by plaintiff. In this context, the Court in *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 WL 2545439, 5 (E.D.N.Y.,2010), stated in relevant part as follows:

> "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer." *Dail v. George A. Arab Inc.*, 391 F.Supp.2d 1142, 1146 (M.D.Fla.2005) (approving settlement providing for $10,600 in attorney's fees and $6,400 in owed wages to plaintiff).

Here, the plaintiff is being fully paid and plaintiff's counsel is being underpaid - the fees due to plaintiff's counsel under the judgment and resolution is less than half the fees in the attached fee table (Ex. 2). Plaintiff's counsel is receiving a reduced fee representing 14.33hrs at his customary and retainer rate of $600/hr ($8,600)) and reimbursement of $550 in costs for filing and service of process. In the instant case, plaintiff is in effect receiving maximum recovery on his overtime claims, and the legal fees do not offset any recovery on the overtime claims. Notably, and understandably, the FLSA places the duty to pay wages on the employer and not on plaintiff's attorney. By contrast, the plaintiff has the duty to pay his attorney for his work, based on his retainer agreement, as the Supreme Court unanimously confirmed in *Venegas*. Both plaintiff and his attorney have a common interest in complying with the retainer agreement. Here, the retainer agreement between plaintiff and his counsel states in relevant part as follows:

> The amount of Attorney's contingency fee will be the greater of:
> (a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or
>
> (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or
>
> (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

   This type of fee provision is very common in fee-shifting cases. Even though plaintiff's counsel began charging $600/hr in 2012, and the retainer provides for yearly increases, I have never charged a rate higher than $600/hr – the rate used in the settlement agreement in arriving at a reduced fee in this case. See also, fee surveys in Exhibits 3 and 4. Plaintiff's counsel has received similar legal fees in numerous FLSA settlements approved by courts. See also *Cabrera v. Nassau Medical Services, P.C.,* ECF # 10, 12-CV-2106 (BMC)(ECF No. 10 in Cabrera includes a declaration about plaintiff's counsel's experience and rates which is referenced and incorporated herein); *Woods v. START*, ECF # 47, 13-cv- 4719 (MKB)(SMG); *High et al v. E & M Associates LLC , 15-CV-1432 (RRM)(RER),  Aduleit v. Call-A-Head Portable Toilets, Inc.*, ECF # 17, 13-cv-3531 (CLP);  *Wakisha Mercado v. Eihab Human Service, Inc.*, ECF # 18, 14-CV-4886 (JG)(RLM);  *Rohoman v. Heritage Place LLC*, ECF # 8, 12-cv-05807 (JG) (SMG); *Martin v. Kristal Auto Mall Corp.*, 12-cv-03439, ECF # 11, (JG) (JO); *Lozada v. Island Master Locksmith Inc.*,  ECF # 20, 19, 12-cv-04827 (DRH) (ETB); *Kelly v. Jimmy Jazz, Inc. et al*, 13-cv- 01526, ECF # 20, (RRM) (CLP); *Annamanthadoo v. Richmond Hill Radiology*, 1:13-cv-04486- FB-LB Document 12-1 Page 2 of 7; *Archer v. TNT USA*, 12-cv-01297-SLT-RML Document 18,  Page 2 of 2;  *Alija Music v. MAG IAS LLC* et al, ECF # 50,  55, 14-cv-8691(LGS); *Wyre v. 93 Ludlow St. Inc.* ECF # 20, 21, 14-cv-8658 (LGS); *Rice v. Mega Beverage Redemption Center Inc et al*, 15-cv-1257(PGG)(AJP), ECF # 25; *Tineo v. Dean's West Side Contracting Corp. et al*, 15-cv-2323 (JMF)(RLE), ECF # 29; Additionally, see Magistrate-Judge Reyes' Report and Recommendation in 15-CV-1733-CBA-RER.

   We thank the Court in advance for its time and consideration, and respectfully request approval of the offer of judgment and acceptance as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**